UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                              :

HUGH JOHN TULLY and PENELOPE CAROL
TULLY, on Behalf of Themselves and All Others    :
Similarly Situated,                                               Case No. 08-CV-3652 (BSJ) (MHD)

                        Plaintiffs,

           -against-

THE CHARLES SCHWAB CORPORATION,
SCHWAB INVESTMENTS, CHARLES SCHWAB
& CO. INC., CHARLES SCHWAB INVESTMENT
MANAGEMENT, INC., CHARLES R. SCHWAB,
EVELYN DILSAVER, RANDALL W. MERK, and
GEORGE PEREIRA,

                        Defendants.

------------------------------------------------------------------ x

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
TO THE NORTHERN DISTRICT OF CALIFORNIA

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................... 1
FACTUAL BACKGROUND ......................................................................................................... 2
ARGUMENT .................................................................................................................................. 3
    I.    THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE POWER TO SUBPOENA NON-PARTY WITNESSES, FAVOR TRANSFER ............. 5
    II.    THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY SUPPORT A TRANSFER ........................................................................................................................ 7
    III.    PLAINTIFFS' FORUM CHOICE IS NOT ENTITLED TO DEFERENCE ..................... 8
CONCLUSION ............................................................................................................................... 9

Defendants The Charles Schwab Corporation, Schwab Investments, Charles Schwab & Co., Inc., Charles Schwab Investment Management, Inc., Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk, and George Pereira move for transfer of this action to the Northern District of California pursuant to 28 U.S.C § 1404(a).

## INTRODUCTION

This securities class action should not have been filed in this district. This district is tremendously inconvenient for the defendants and witnesses. It bears no relation to the underlying events alleged in the complaint. And it conflicts with five other nearly-identical cases now pending in San Francisco.

This case instead belongs in the Northern District of California. The corporate defendants — The Charles Schwab Corporation, Charles Schwab & Co., Inc., and Charles Schwab Investment Management, Inc. — are headquartered there. All of the individual defendants reside in or near San Francisco. In addition, virtually all of the key non-party witnesses reside in or near San Francisco, and so are subject to that court's subpoena power. The vast majority of the documentary evidence is also located in San Francisco.

And that is not all. The Northern District of California also has the greatest interest in adjudicating the claims alleged in this action. Plaintiffs' complaint asserts that a nationwide class of investors in the Schwab YieldPlus Fund was misled by statements allegedly contained in the Fund's registration statements and prospectuses. The fund, of course, was managed out of Schwab's offices in San Francisco, and its prospectuses and registration statement were all prepared there. Moreover, five other class actions alleging the same facts and claims — including the first-filed one — are pending in the Northern District of California and have been related before a single judge.

On these facts, plaintiffs' choice of forum is not entitled to deference. The plaintiffs themselves do not live in New York — they are from South Carolina. They purport to represent a class of investors residing, not just in New York, but all across the country. The plaintiffs' only apparent contact with New York is through their counsel, who can and does litigate cases across the country.

For the convenience of the parties and witnesses, and in the interests of justice, this action should be transferred to the Northern District of California.

**FACTUAL BACKGROUND**

<u>The Parties</u>. The plaintiffs in this action — Hugh John Tully and Penelope Carol Tully — reside in South Carolina. (Plunkett Decl. ¶ 5.) They do not claim to have any connection to New York other than through their counsel. (*See* Compl. ¶¶ 10-16.) They seek to represent a class of investors who purchased shares of the Schwab YieldPlus Fund (*id.* ¶ 31), an ultra-short duration fixed income mutual fund. Members of the putative class live all over the United States. (*Id.* ¶ 35.)

The corporate defendants are The Charles Schwab Corporation, its broker-dealer subsidiary — Charles Schwab & Co., Inc. — and Charles Schwab Investment Management, Inc., which is the investment advisor to the fund. All are headquartered in San Francisco, including defendant Schwab Investments. (Compl. ¶¶ 18, 19, 23, 24.)[1]

---

[1] The complaint alleges that "defendants maintain at least ten offices within this District" (Compl. ¶ 13), but those are retail offices that have nothing to do with the YieldPlus Fund or with any of plaintiffs' allegations. They are among the more than 300 retail locations maintained by Schwab throughout the country. (Plunkett Decl. ¶ 7.)

The complaint names four individual defendants — Charles R. Schwab, Randall Merk, George Pereira, and Evelyn Dilsaver. All are present or former officers or trustees of the fund, and all live and work in or near San Francisco. (*Id.* ¶¶ 25-28; Plunkett Decl. ¶ 6.)

<u>The Non-Party Witnesses</u>. Many present and former Schwab employees are, or have been, involved in the management of the fund at some point during the proposed class period. These potential non-party witnesses — fund trustees, managers, analysts, compliance personnel, and the Schwab employees involved in drafting the fund's prospectuses and registration statements — are, almost without exception, located in or around San Francisco, and thus are subject to the subpoena power of the Northern District of California. (Plunkett Decl. ¶ 8.) To our knowledge, none of the likely percipient witnesses is located in New York. (*Id.* ¶ 8.)

<u>The Documents</u>. Nearly all of the defendants' documents are located at Schwab's headquarters in San Francisco or with the individual defendants (also in or around San Francisco). (*Id.* ¶ 9.) To the extent the plaintiffs have relevant documents in their possession, those documents likely are at their homes in South Carolina.

<u>The Other Class Actions</u>. Eight class actions alleging the same facts and claims have been filed relating to Schwab's YieldPlus Fund. (*Id.* ¶ 2.) Five of them — including the first-filed action — were filed in the Northern District of California. (*Id.* ¶ 3.) Those actions have now been related before a single judge. (*Id.*) Two other actions were filed in the District of Massachusetts. (*Id.* ¶ 4.) Defendants will be filing venue transfer motions to have the two Massachusetts actions transferred to the Northern District of California. (*Id.*)

**ARGUMENT**

Section 1404(a) says a case may be transferred to another venue if (1) venue would be proper in the proposed new court, (2) a transfer would serve "the convenience of parties and witnesses," and (3) a transfer would promote "the interests of justice." 28 U.S.C. § 1404(a).

Courts have broad discretion to transfer based on these factors. *Langley Partners, L.P. v. Tripath Tech., Inc.*, No. 05-5255, 2005 U.S. Dist. LEXIS 23004, at *3 (S.D.N.Y. Oct. 6, 2005); *Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 399-400 (S.D.N.Y. 1998). In exercising its discretion, a court should consider the convenience of the parties and witnesses, the location of relevant documents, the availability of process to compel the attendance of non-party witnesses, the interests of justice and trial efficiency, and the plaintiff's choice of forum. *Filmline (Cross-Country) Prod., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989); *Nematron*, 30 F. Supp. 2d at 400.

All these factors indicate that this case should be transferred to the Northern District of California. Venue is proper there.[2] San Francisco is more convenient for the parties and witnesses. The relevant documents are there. The court there has power to subpoena the likely non-party witnesses. And justice and judicial economy will be served because the alleged events occurred there and five cases alleging the same facts and claims are already on file there.

The only other factor — plaintiffs' choice of forum — is, on these facts, not entitled to deference. Plaintiffs do not live in New York and seek to represent a nationwide class of investors. The convenience of plaintiffs' counsel is not entitled to consideration in a nationwide class action of this sort and cannot outweigh all the other factors supporting a transfer.

---

[2] Venue is proper in any district where (1) the defendant is found, resides, or transacts business, or (2) any act or transaction constituting the alleged violation occurred. *See* 15 U.S.C. § 78aa; 15 U.S.C. § 77v(a). Here, all of the defendants are located in California, and the acts alleged in the complaint occurred in California.

I.     **THE CONVENIENCE OF THE PARTIES AND WITNESSES, AND THE POWER TO SUBPOENA NON-PARTY WITNESSES, FAVOR TRANSFER**

Under Section 1404(a), "the convenience of the party and non-party witnesses" is often "the most important factor in the decision whether to grant a motion for transfer." *Clay Paky, S.p.A. v. Vari-Lite, Inc.*, Nos. 99-11401 & 99-11402, 2000 U.S. Dist. LEXIS 9802, at *21-22 (S.D.N.Y. July 12, 2000). *Accord Willowbrook Found, Inc. v. Visiting Nurse Ass'n*, 87 F. Supp. 2d 629, 636 (E.D. Miss. 2000) ("the most significant factor to consider when passing on a motion to transfer . . . is the convenience of the party and non-party witnesses"); *Frasca v. Yaw*, 787 F. Supp. 327, 331 (E.D.N.Y. 1992) ("convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether a transfer should be granted"). In assessing the convenience of the parties and witnesses, the "logical starting point" is a consideration of their place of residence. *U.S. Fid. & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992).

The Northern District of California is easily the most convenient forum for the parties. All of the individual defendants reside in or near San Francisco, where they have active professional lives and family commitments. Because plaintiffs have brought several causes of action against numerous defendants on the basis of multiple challenged statements, it is likely that the trial of this action will last several weeks. The defendants should not, without compelling reason, be forced to defend themselves away from their families and jobs for such a long period of time. *See Levine v. Fin. Programs, Inc.*, 318 F. Supp. 952, 954 (S.D.N.Y. 1969) (litigation in distant forum would "greatly inconvenience[]" individual defendants and "force [them] to be absent from their required tasks and families"); *see also Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) (transferring action where company's senior management resided in California); *JM Computer Servs., Inc. v. Schlumberger Tech., Inc.*, 886 F.

Supp. 358, 358-59 (S.D.N.Y 1995) (transferring action because "most of the personnel responsible for [defendant's business] practices are located in its headquarters" in the Northern District of California").

The Northern District of California is also the most convenient forum for non-party witnesses. Many current and former Schwab employees were and are involved in managing the YieldPlus Fund. Virtually all of those employees live and work in and around San Francisco. Courts recognize that, in securities class actions, "the greatest sources of evidence must be the defendants and their employees." *Dutchen* v. *Ecological Sci. Corp.,* 54 F.R.D. 493, 496 (S.D.N.Y. 1971). Courts in this district thus regularly grant motions to transfer securities actions where the company and its officers and employees are located in another district. *See, e.g.*, *Langley Partners*, 2005 U.S. Dist. LEXIS 23004, at *8 (transferring securities case to California where issuer located); *In re Nematron*, 30 F. Supp. 2d at 402 ("is well known that trials in securities class actions focus almost entirely on the defendants' conduct").

These non-party witnesses are largely subject to process in the Northern District of California, which means they could be compelled to attend and testify in person at trial. "When more potential witnesses are within the subpoena power of the proposed transferee venue than the transferor venue, this factor weighs in favor of transfer." *Frene N.V. v. Kmart Corp.*, No. 96-9585, 1998 U.S. Dist. LEXIS 11572, at *14 (S.D.N.Y. July 29, 1998); *see also Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 378 (S.D.N.Y. 2002) ("The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions"); *Blass v. Capital Int'l Sec. Group*, No. 99-5738, 2001 U.S. Dist. LEXIS 3504, at *17 (E.D.N.Y. Mar. 23, 2001) (transfer of action to venue encompassing defendant's headquarters and key witnesses "would avoid or reduce the dimensions of these [subpoena-related] problems"); *Arrow*

*Elecs. v. Ducommun, Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989) (ability to compel testimony of witnesses "weighs heavily in favor of transfer").

Securities class actions frequently require large productions of documents, and the location of those documents is an important convenience factor. *Berman*, 30 F. Supp. 2d at 657 (transfer ordered to district where defendants' documents located; "the relative convenience and lower cost of a trial . . . strongly weighs in favor of transferring this action"); *JM Computer*, 886 F. Supp. at 358-59. Schwab maintains its records and electronic data in San Francisco, at its corporate headquarters. (Plunkett Decl. ¶ 9.) Thus, the vast majority of the relevant documents are located in the Northern District of California.

The convenience of the parties and witnesses, the availability of process to compel non-party witnesses' attendance at trial, and the location of relevant documents, all favor transfer to the Northern District of California.

## II. THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY SUPPORT A TRANSFER

The interests of justice and judicial economy also favor transfer to the Northern District of California. The acts and representations alleged in plaintiffs' complaint largely occurred in San Francisco, where the YieldPlus Fund is managed. Thus, the Northern District of California has the greatest interest in adjudicating plaintiffs' claims.

Judicial efficiency also would be enhanced, because "[t]rying all the related actions in California is far more efficient than allowing separate actions to proceed in New York and California." *Berman*, 30 F. Supp. 2d at 660 ("[t]he pendency of related litigation [in the transferee district] is well recognized as a very important factor in deciding a transfer motion"); *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads

-7-

to the wastefulness of time, energy and money that Section 1404(a) was designed to prevent" (*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960))). *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) (possibility that transfer would allow related actions to be consolidated in transferee forum favored consolidation).

Transfer to the Northern District of California would also "prevent duplicative litigation and avoid the risk of inconsistent results." *Berman*, 30 F. Supp. 2d at 660; *National Super Spuds, Inc. v. New York Mercantile Exchange*, 425 F. Supp. 665, 667 (S.D.N.Y. 1977). Five nearly identical cases are already pending in San Francisco and have been assigned to one judge. Sending this case to that court, where it could be consolidated with the pending actions, will prevent duplicative and inconsistent litigation.[3]

Transfer to the Northern District of California will thus promote the interests of justice and trial efficiency.

### III.  PLAINTIFFS' FORUM CHOICE IS NOT ENTITLED TO DEFERENCE

While, in some circumstances, plaintiffs' choice of forum is entitled to deference, those circumstances do not exist in a nationwide class action where the chosen forum bears no connection to the events in litigation. *See In re Warrick*, 70 F.3d 736, 741 n.7 (2d Cir. 1995) ("the plaintiffs choice of forum is a less significant consideration in a ... class action than in an

---

[3] The "first-to-file" rule also suggests that the Northern District of California should hear all the cases. The "first-to-file" rule holds that priority should be given to the district where the first action was filed. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). A party seeking to overcome the first-to-file rule must show that "there are special circumstances which justify giving priority to the second action." *Exxon*, 932 F.2d at 1025 (internal quotation omitted); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (first filed suit should have priority "absent a showing of a balance of convenience or special circumstances giving priority to the second [suit]").

individual action"); *Clay Paky*, 2000 U.S. Dist. LEXIS 9802, at * 23 ("plaintiff's choice 'is accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum.'" (*quoting Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 932 F. Supp. 621, 623 (S.D.N.Y. 1996))); *Federman Assocs. v. Paradigm Med. Indus.*, No. 96-8545, 1997 U.S. Dist. LEXIS 23685, at * 6-7 (S.D.N.Y. Apr. 8, 1997).

That is especially true where, as here, the plaintiffs do not live in this district. *See Lighting World v. Birchwood Lighting*, 2001 U.S. Dist. LEXIS 16981, *14-15 (S.D.N.Y. Oct. 12, 2001) (plaintiff's choice of forum not entitled to deference where plaintiff did not reside in New York).

## CONCLUSION

Plaintiffs' decision to file in this district reflects no apparent rationale. It is not justified by any of the factors used to determine whether transfer is appropriate under 28 U.S.C. § 1404(a). Rather, those factors overwhelming favor transfer to the Northern District of California. Although deference might in some cases be accorded to a plaintiff's choice of a forum, in this case it should not stand in the way of a transfer of this action, in the interests of justice and the convenience of all concerned, to the Northern District of California.

Dated:   New York, New York
         May 13, 2008

             MORRISON & FOERSTER LLP

             By:   /s Matthew M. D'Amore
             Matthew M. D'Amore
             (*mdamore@mofo.com*)
             1290 Avenue of the Americas
             New York, New York 10104
             Tel: (212) 468-8000
             Fax: (212) 468-7900

Darryl P. Rains (*drains@mofo.com*)
Thomas R. Plummer (*tplummer@mofo.com*)
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5600
Fax: (650) 494-0792


Craig D. Martin (*cmartin@mofo.com*)
Stuart C. Plunkett (*splunkett@mofo.com*)
Kevin A. Calia (*kcalia@mofo.com*)
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendants The Charles Schwab Corporation, Charles Schwab & Co. Inc., Charles Schwab Investment Management, Inc., Schwab Investments, Charles R. Schwab, Evelyn Dilsaver, Randall W. Merk and George Pereira*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH JOHN TULLY and PENELOPE CAROL TULLY, on Behalf of Themselves and All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  -against-<br><br>THE CHARLES SCHWAB CORPORATION, SCHWAB INVESTMENTS, CHARLES SCHWAB & CO. INC., CHARELS SCHWAB INVESTMENT MANAGEMENT, INC., CHARLES R. SCHWAB, EVELYN DILSAVER, RANDALL W. MERK, andGEORGE PEREIRA,<br><br>     Defendants. | Case No.  08-CV-3652 (BSJ)(MHD)<br><br>**CERTIFICATE OF SERVICE** |

  I, Matthew M. D'Amore, hereby certify that on Tuesday, May 13, 2008, true and correct copies of the attached documents, in the above captioned proceeding, were served electronically in accordance with the Federal Rules of Civil Procedure and the SDNY Procedures for Electronic Case Filing, upon:

      Daniel W. Krasner (*krasner@whafh.com)*
      Robert B. Weintraub (*weintraub@whafh.com*)
      Wolf Haldenstein Adler Freeman & Herz LLP
         270 Madison Avenue
        New York, New York 10016

Dated: May 13, 2008
   New York, New York

            MORRISON & FOERSTER LLP

         By: _/s Matthew M. D'Amore_____
           Matthew M. D'Amore
           (*mdamore@mofo.com*)
           1221 Avenue of the Americas
            New York, New York 10020
           Tel: (212) 468-8000
           Fax: (212) 468-7900